UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| COASTAL COUNTIES WORKFORCE, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:17-cv-00417-JAW |
| PAUL R. LEPAGE, et al., | ) ) ) | |
| Defendants. | ) | |

**ORDER ON MOTION TO STAY**

A local workforce training organization, Coastal Counties Workforce, Inc. (CCWI), claims Maine Governor Paul R. LePage and the Commissioner of the Maine Department of Labor (MDOL), John Butera, (Defendants) failed to make funds available to it in a manner and time frame that federal law requires. The Court denied the Defendants' motion to dismiss and granted CCWI's motion for a preliminary injunction. The Defendants now move to stay the Court's injunction pending an interlocutory appeal. Concluding that the Defendants' likelihood of success on appeal is modest and that the likely harm to CCWI outweighs the likely harm to the Defendants, the Court denies the Defendants' motion for stay pending appeal.

**I.   BACKGROUND**

    **A.   Factual Background**

Congress passed the Workforce Innovation and Opportunity Act (WIOA) in 2014. Pub. L. No. 113-128, 128 Stat. 1425 (2014) codified at 29 U.S.C. 3101 *et seq*. The Act authorizes appropriations of federal funds for state workforce development systems. *Id*. §§ 3101, 3275. In order to receive the federal funds, a state's governor creates a state workforce development board and adopts a state plan. *Id*. §§ 3111-12. A governor must designate local areas within the state, managed by local workforce development boards pursuant to a local plan, which then oversee the operation of centers and enroll participants in training programs. *Id*. § 3121-23. CCWI is the entity designated to oversee the workforce training system in York, Cumberland, Sagadahoc, Lincoln, Waldo, and Knox Counties. *Stipulations of Facts* ¶¶ 9-13 (ECF No. 32) (*Stipulations*).

The statute requires the "prompt allocation of funds" at each level of administration. *Id*. § 3242. All funds the Secretary of the U.S. Department of Labor allots to the states "shall be allotted within 45 days after the date of enactment of the Act appropriating the funds." *Id*. § 3242(c). The funds a governor is required to allot to the local area "shall be made available . . . for a local area not later than 30 days after the date the funds are made available" to the governor "or 7 days after the date the local plan for the area is approved, whichever is later." *Id*. § 3242(e).

CCWI filed this lawsuit based on a conflict with the Defendants, in which the Defendants conditioned the Program Year 2017 (PY17) funds on CCWI's submitting a budget that would meet a new sixty-percent training expenditure requirement. *Stipulations* ¶ 25-26.

### B. Procedural History

On October 24, 2017, CCWI filed a complaint and a motion for temporary restraining order (TRO). *Compl.* (ECF No. 1); *Pl.'s Mot. for a TRO* (ECF No. 3). On October 30 and November 9, 2017, the Court held telephone status conferences with the parties. *Min. Entry for Telephone Conference* (ECF No. 7); *Min. Entry for Telephone Conference* (ECF No. 12). The Defendants agreed to make certain funds available to CCWI for Program Year 2016 (PY16), but the parties did not fully resolve the lawsuit, with funds for Program Year 2017 (PY17) still contested. With some of the urgency removed, counsel for CCWI agreed to pursue a preliminary injunction, rather than a TRO. Accordingly, the Court dismissed CCWI's motion for a TRO without prejudice on the same day. *Order* (ECF No. 13).

On November 17, 2017, CCWI filed a motion for a preliminary injunction. *Pl.'s Mot. for Prelim. Inj.* (ECF No. 16). Defendants responded on December 6, 2017, and CCWI replied on December 14, 2017. *Defs. Paul R. Lepage and John Butera's Mem. of Law in Opp'n to Pl.'s Mot. for a Prelim. Inj.* (ECF No. 24); *Pl.'s Reply Mem. of Law in Support of Mot. for Prelim. Inj.* (ECF No. 35). Also on November 17, 2017, the Defendants filed a motion to dismiss. *Defs. Paul R. LePage and John Butera's Mot. to Dismiss* (ECF No. 17). CCWI responded on November 29, 2017, and the Defendants replied on December 4, 2017. *Pl.'s Opp'n to Defs.' Mot. to Dismiss* (ECF No. 20); *Defs. Paul R. LePage and John Butera's Reply Mem. in Supp. of Mot. to Dismiss* (ECF No. 23). On December 18, 2017, the Court held an evidentiary hearing

and heard oral arguments at the close of the hearing. *Min. Entry for Hr'g* (ECF No. 39).

On January 3, 2018, the Court issued an order denying Defendant's motion to dismiss and indicating that it intended to grant CCWI's motion for a preliminary injunction. *Order on Mot. to Dismiss and Mot. for Prel. Inj.* (ECF No. 42). The Court instructed the parties to submit proposed language for an injunction order. *Id.* at 63-64. On January 10, 2018, the Court held a telephone conference with counsel to discuss their proposed language. *Min. Entry for Telephone Conference* (ECF No. 44).

On January 11, 2018, the Court issued the preliminary injunction. *Order on Pl.'s Req. for Injunctive Relief* (ECF No. 45) (*Prelim. Inj.*). Later that same day, the Defendants filed a notice of interlocutory appeal and a motion to stay the preliminary injunction pending the outcome of that appeal. *Notice of Appeal* (ECF No. 46); *Defs.' Paul R. LePage and John Butera's Mot. for Stay Pending Appeal* (ECF No. 47) (*Defs.' Mot.*). On January 18, 2018, CCWI filed its response in opposition. *Pl.'s Opp'n to Defs.' Mot. for Stay Pending Appeal* (ECF No. 51) (*Pl.'s Opp'n*). On January 22, 2018, the Defendants filed their reply. *Defs.' Paul R. LePage and John Butera's Reply Mem. in Supp. of Mot. for Stay Pending Appeal* (ECF No. 52) (*Defs.' Reply*).

## II. DISCUSSION

Rule 62(a) clarifies that unless a court orders otherwise, an interlocutory injunction is not stayed pending appeal. FED. R. CIV. P. 62(a). However, Rule 62(c) provides:

> While an appeal is pending from an interlocutory order . . . that grants . . . an injunction, the court may suspend [or] modify . . . an injunction on terms for bond or other terms that secure the opposing parties' rights.

FED. R. CIV. P. 62(c). In *Hilton v. Braunskill*, 481 U.S. 770 (1987), the United States Supreme Court addressed the proper standard to evaluate a motion for stay pending appeal under Rule 62(c):

> Different Rules of Procedure govern the power of district courts and courts of appeals to stay an order pending appeal. *See* FED. R. CIV. P[.] 62(c); FED. R. APP. P[.] 8(a). Under both Rules, however, the factors regulating the issuance of a stay are generally the same: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id.* at 776. Consistent with *Hilton,* the First Circuit later explained:

> The sine qua non of the stay pending appeal standard is whether the movants are likely to succeed on the merits. In essence, the issuance of a stay depends on whether the harm caused movant without the stay, in light of the movant's likelihood of eventual success on the merits, outweighs the harm the stay will cause the non-moving party.

*Acevedo-Garcia v. Vera-Monroig*, 296 F.3d 13, 16-17 (1st Cir. 2002) (citations and internal punctuation omitted).

The Court concludes the Defendants have not established that a stay of the preliminary injunction is warranted. The harm the Defendants will face from the injunction requiring it to make the PY17 funds available to CCWI during the pending appeal, in light of their modest likelihood of success, does not outweigh the harm the stay will cause to CCWI, which will be forced to choose between shutting down operations or capitulating to the Defendants' position.

5

### A. Likelihood of Success on the Merits

It is difficult for a losing party to successfully make a "strong showing" to the trial court that there is a likelihood of success on appeal, since "if the court had concluded it was likely making the wrong decision, it would have made the right one." *United States v. Burk*, 372 F. Supp. 2d 104, 106 (D. Me. 2005) (citing *United States v. Bayko*, 774 F.2d 516, 521-22 (1st Cir. 1985)) (addressing a motion for stay of execution of a sentence under 18 U.S.C. § 3143(b)). The Defendants "recognize that this Court has concluded that WIOA affords CCWI a private right of action enforceable under § 1983, and the Court's conclusion makes it difficult for State Defendants to make a 'strong showing' that there is likelihood of success on appeal." *Defs.' Mot.* at 2. Despite this, the Defendants argue that the existence of a right of action in these circumstances is an issue of first impression, and a court is not required to conclude its original decision was wrong in order to issue a stay. *Id.*; *Defs.' Reply* at 2-3 (collecting district court cases issuing a stay when law is uncertain).

The Court is not convinced. Governor LePage and Commissioner Butera do not point to any obvious error or misunderstanding of precedent. They do not suggest the Court overlooked a piece of crucial evidence. Although the Defendants correctly state that the threshold issue is one of first impression in this Circuit, after analyzing the law, the Court concluded that "[t]he statutory language is mandatory and clear," and, in a sixty-four page opinion, that "the statute demands the relief CCWI is requesting." *Order on Mot. to Dismiss and Mot. for Prel. Inj.* at 61 (ECF No. 42). The

6

Court concludes that the Defendants have not established a likelihood of success on appeal.

### B. Irreparable Injury to the Applicant

Invariably, the party seeking the stay contends that the preservation of the status quo that existed before the order under appeal will prevent the harm the order has caused and will allow the appealing party to obtain a definitive ruling from the appellate court of a contested legal issue. Here, the Defendants explain that they will be irreparably harmed because "[a]bsent a stay pending appeal, the PY 2017 funds will be released (with no restriction on the percentage of funds to be spent on training) and spent" while the appeal is pending. *Defs.' Mot.* at 3. CCWI disputes how much of the funds will be spent before the First Circuit decides the appeal and does not believe the issue will be an "academic exercise," as the Defendants suggest. *Pl.'s Opp'n* at 4.

The Court agrees with the Defendants that there may be some irreparable harm to them absent a stay. While the appeal is pending, the parties will operate without the sixty-percent training expenditure requirement for at least a portion of the two year period under which the PY17 funds can be spent. If the First Circuit reverses the injunction, CCWI will have already spent that portion of the funds according to a budget without the sixty-percent requirement. Furthermore, if they are successful on interlocutory appeal, it is unknown and questionable whether the Defendants could retroactively force CCWI to disgorge the expended PY17 funds or,

7

alternatively, retroactively force CCWI to spend the PY17 funds with the sixty-percent training expenditure requirement.

Despite this, several factors mitigate the risk of harm. First, as the Court noted in the January 3, 2018 order, these are federal funds, not state funds. Second, the First Circuit has cautioned that "[w]hat matters . . . is not the raw amount of irreparable harm [a] party might conceivably suffer, but rather the risk of such harm in light of the party's chance of success on the merits." *P.R. Hosp. Supply, Inc. v. Boston Scientific Corp.*, 426 F.3d 503, 507 n.1 (1st Cir. 2005) (quoting the Massachusetts standard, which "closely tracks the federal standard"). Since the Court concluded the likelihood of success on appeal is small, the Court weighs the risk of harm to the Defendants accordingly.

### C. Substantial Injury to Other Parties

CCWI argues that it will be substantially injured if the Court issues the stay the Defendants request. *Pl.'s Opp'n* at 3-4. Just as the Defendants will be injured if CCWI operates under a budget without the sixty percent requirement while the appeal is pending and the First Circuit then reverses the injunction, CCWI will be injured if it does not receive access to the funds according to the injunction while the appeal is pending and the First Circuit upholds the injunction. The Court has already found there will be irreparable injury to CCWI in the absence of the injunction, because there is strong evidence that it will go out of business without the funds by June 2018, and its service provider will shut down as soon as the end of January, 2018. *Order on Mot. to Dismiss and Mot. for Prel. Inj.* at 50-51 (ECF No. 42).

8

The Defendants propose that CCWI could mitigate its harm by submitting a budget that complies with the sixty-percent training expenditure requirement and drawing down the funds on those terms while the appeal is pending. *Defs.' Mot.* at 3; *Defs.' Reply* at 3-4. The Court credits the Defendants for seeking alternatives to mitigate the potential for harm to both sides while the appeal is pending, but the Court agrees with CCWI that it will face substantial injury if the Court grants the motion to stay the preliminary injunction. CCWI will be forced to choose between ceasing operations or acceding to the Defendants' position and complying with the sixty-percent training requirement, which is the reason it filed suit in the first place. In short, if it accedes to the Defendants' sixty percent demand, CCWI will lose for winning. The Court weighs this harm more heavily, in light of its prior determination that CCWI will likely prevail on the merits.

### D. Where the Public Interest Lies

Regarding the policy dispute between CCWI and Governor LePage, the Court concluded the public interest balancing was in equipoise. *Order on Mot. to Dismiss and Mot. for Prel. Inj.* at 53-60 (ECF No. 42). The parties have not proposed any new arguments to change this analysis. The Court reaffirms its earlier conclusion.

### III. CONCLUSION

Once the risks are weighed in light of the modest likelihood that Defendants will be successful on appeal, the risk of harm to CCWI if the Court grants the stay outweighs the risk of harm to the Defendants if the Court denies the stay. The Court

DENIES Defendants Paul R. LePage and John Butera's Motion for Stay Pending Appeal (ECF No. 47).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 24th day of January, 2018